UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**EX REL. TERRY D. MCLAIN,** *ET AL.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-11229 & consol. cases**<br>**Pertains to: No. 09-4191** |
| **FLUOR ENTERPRISES, INC.,** *ET AL.* | **SECTION "C" (3)** |

## ORDER AND REASONS

Before the Court are three additional motions to dismiss: (1) Fluor Enterprise, Inc.'s ("Fluor") Motion to Dismiss the Warder Complaint, Civil Action No. 09-4191 Pursuant to Rules 10(a), 9(b) and 12(b)(6); Case No. 06-11229, Rec. Doc. 77; (2) Fluor's Rule 12(b)(1) Motion to Dismiss Count 2 of the Second Amended Complaint ("SAC"), Civil Action No. 09-4191; Case No. 06-11229, Rec. Doc. 76; (3) CH2M Hill Constructors, Inc.'s ("CH2M") Rule 12(b)(1) Motion to dismiss; Case No. 06-11229, Rec. Doc. 61.  Having considered the record, the memoranda of counsel for the parties and the United States, and the applicable law, the Court PARTIALLY GRANTS and PARTIALLY DENIES the first motion, and DENIES the remaining two motions for the following reasons.

## I. BACKGROUND AND STANDARD OF REVIEW

The background to this case was thoroughly briefed in the Court's previous Order & Reasons.  Case No. 06-11229,  Rec. Doc. 203.  The Court also adopts the Standard of Review for Rule 12(b)(6), Rule 12(b)(1) and Rule 9(b) from that Order & Reasons. *Id.*  Rule 10(a) of the Federal Rules of Civil Procedure is entitled "Form of Pleadings," and it stipulates: **"Caption; Names of Parties.** Every pleading must have a caption with the court's name, a title, a file

1

number, and a Rule 7(a) designation.  The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."

## II. LAW AND ANALYSIS

### A. Fluor's Motion to Dismiss for Failure to State a Claim

Fluor moves to dismiss Count 1 and 3 of the SAC under Rule 10(a), Rule 9(b) and Rule 12(b)(6). Case No. 06-11229, Rec. Doc. 77.

#### 1. Fluor's Motion to Dismiss Pursuant to Rule 10(a)

Defendant Fluor claims that the plaintiffs' claims should be dismissed if John Doe and Jane Roe are not named. Case No. 06-11229, Rec. Doc. 77 at 12.  In response to this, the Relators recite the reasons for maintaining anonymity as listed in *Southern Methodist University Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979), but fail to assert why they fall under any of these reasons. Case No. 06-11229, Rec. Doc. 113 at 19.  The Fifth Circuit has ruled:

> Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.

*Doe v. Frank*, 951 F.2d 320, 324 (5th Cir. 1992).

In opposition to the motion, Relators did not put forth why this case is of a highly sensitive nature or personal nature, or that they would be caused danger or physical harm if their identities were disclosed.  Furthermore, the injury being litigated in this case has allegedly already occurred and would not occur as a result of the disclosure of the plaintiffs' identities.

2

Parties must generally identify themselves in their pleadings rather than proceeding under fictitious names. *Id.* (citing *Wynn & Jaffe*, 599 F.2d at 712). The test to determine whether a plaintiff may proceed anonymously rather than following the mandate in Rule 10(a) is whether "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. Unit A Aug. 1981)). The factors used to determine whether the privacy right trumps the presumption of judicial openness and the public's interest in knowing all of the facts involved is whether (1) plaintiffs [are] challenging governmental activity; (2) plaintiffs [are] required to disclose information of the utmost intimacy; and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Frank*, 951 F.2d at 323 (citing *Stegall*, 653 F.2d at 185). Here, the Relators have not put forth that their complaint falls under any of these three factors. Case No. 06-11229, Rec. Doc. 113 at 19. The Court finds that the Relators may not proceed anonymously because their privacy does not trump the legitimate public interest of openness in judicial proceedings. Therefore, the Relators must amend their complaint within seven days to identify all three plaintiffs. If this is not done, the case shall be dismissed, without prejudice as to the United States.

### 2. Fluor's Motion to Dismiss Pursuant to Rules 9(b) and 12(b)(6)

#### a. Count 1

Fluor moves to dismiss Count 1 of the SAC under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Case No. 06-11229, Rec. Doc. 77 at 10-28. The Court previously ruled that Shaw's Motion to Dismiss Count 1 pursuant to Rule 9(b) would not be granted and that

Shaw had met the standard required under Rule 9(b) of the Federal Rules of Civil Procedure.[1] Case No. 06-11229, Rec. Doc. 203. Relators have alleged the same things against Fluor, in all but Count 3, as they did against Shaw, and the Court similarly finds that the relators have stated their claim, under the False Claims Act ("FCA") with the particularity required as to the "who, what, when, where, and how of the alleged fraud." *Steury*, 625 F.3d 262, 266 (5th Cir. 2010) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). The Relators have sufficiently plead each element of an FCA complaint against Fluor in Count 1 of the SAC. Case No, 06-11229, Rec. Doc. 34. Relators have alleged that (1) defendant made a false statement or took a fraudulent course of conduct with the requisite scienter; (2) that the statement or conduct was material; and (3) Relators have presented this to the government. *Steury*, 625 F.3d at 267. The Relators have alleged that Fluor knowingly presented false claims. While the Relators have not plead an actionable false certification theory, the Court finds that just as in Shaw's case, the Relators have made an ideal model of a fraudulent claim under the FCA by alleging that Fluor billed the Government multiple times for work that was only completed once. Case No. 06-11229, Rec. Doc. 203 at 7; Case No. 06-11229, Rec. Doc. 34 at 13. Additionally, the Relators claims are material. *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 389 (5th Cir. 2008); *United States ex rel Longhi v. Lithium Power Techs., Inc.,* 575 F.3d 458, 470 (5th Cir. 2009). Therefore, the Court denies Fluor's motion under Rule 12(b)(6) and Rule 9(b).

### b. Count 3

---

[1] Rule 9(b) requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

The Court finds that Relators have plead Count 3 with the same knowledge and scienter and materiality, and that Relators presented this claim to the Government. Case No. 09-4191, Rec. Doc. 34 at 27-28.  Count 3 alleges that Fluor "knowingly presented false or fraudulent claims for payment, approval, credit or reimbursement to FEMA, an agency of the United States Government . . . ." *Id.* at 27.  In support of Fluor's motion to dismiss, it alleges that "the Statement of Work attached to the Second Amended Complaint by the Relators is not the Correct Statement of Work/PWS." Case No. 06-11229, Rec. Doc. 77 at 33.  Fluor states that the Statement of Work/PWS inappropriately relates to the installation of 60 manufactured homes in Gillette, Wyoming. *Id.*  This was not a claim that Relators made in their SAC.  Case No. 09-4191, Rec. Doc. 34 at 27-28.  Fluor may re-urge claims based on the sufficiency of evidence in an appropriate motion after discovery has begun. FED.R.CIV.P. 56.  The Court denies Fluor's motion to dismiss Count 3 of the SAC.

### B. Fluor's Motion to Dismiss Count 2 of the SAC Pursuant to Rule 12(b)(1) and CH2M's Motion to Dismiss Pursuant to Rule 12(b)(1)

Both Fluor and CH2M move to dismiss Count 2 of the SAC under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Count 2 of the Warder SAC in Case Number 09-4191 is "substantially identical" to the complaint in the McLain Case, which was filed two and a half years before this case was filed. Case No. 06-11229, Rec. Doc. 76 at 9; Case No. 06-11229, Rec. Doc. 61 at 2. *See* Case No. 06-11229, Rec. Doc. 1, for the original McLain Complaint.  Shaw also previously moved to dismiss Count 2 of the SAC under Rule 12(b)(1) alleging that Count 2 of the SAC in the Warder case failed the "first-to-file" test. Case No. 06-11229, Rec. Doc. 69. As the Court found in Shaw's case, it similarly finds here. Case No. 06-11229, Rec. Doc. 203. The Court follows the same analysis that it did in its previous Order & Reasons regarding Shaw

5

to evaluate Count 2 of the current complaint and the first-to-file rule under 31 U.S.C. § 3730(b)(5) (1994). The Warder Relators would be barred from moving forward with an action based on any improper licensing of gas installers because that would be based on the same facts as the McLain complaint. Case No. 06-11229, Rec. Doc. 203 at 13. However, in Count 2 of the Warder SAC, the claims made against Fluor and CH2M are distinct from the claims made in the McLain complaint because the Relators have alleged Fluor and CH2M defrauded the government by invoicing FEMA after failing to inspect and test gas systems. Case No. 09-4191, Rec. Doc. 34 at 26-27.[2] Relators allege that Fluor and CH2M failed to provide *inspection and testing* of propane gas systems both during and after installation, not that the installations was done without a permit. *Id.* at 21-24; Case No. 06-11229, Rec. Doc. 111 at 12; Case No. 06-11229, Rec. Doc. 113 at 32-33. The Court finds that because the SAC in the present case and the complaint in the McLain case are different, Relators are not barred from bringing their claim by the first-to-file rule. Therefore, the Court denies both motions to dismiss. Case No. 06-11229, Rec. Doc. 76; Case No. 06-11229, Rec. Doc. 61.

      Accordingly,

      IT IS ORDERED that the Motion to Dismiss for Failure to State a Claim by Fluor is GRANTED IN PART and DENIED IN PART. Case No. 06-11229, Rec. Doc. 77.

---

[2]The Court has already ruled that the McLain complaint meets the requirements of Rule 9(b) and therefore it ignores the present Relator's argument that the McLain complaint does not bar their complaint because it is legally infirm. Case No. 06-11229, Rec. Doc. 111 at 9; Case No. 06-11229, Rec. Doc. 113 at 33-38; Case No. 06-11229, Rec. Doc. 189. Because of this, Fluor and CH2M's supplemental memorandum regarding the holding in *U.S. ex rel Heineman-Guidant Corporation*, –F.3d–, 2013 WL 2364172 (1st Cir., May 31, 2013), would not have been relevant even if the case cited had been binding upon a decision in this Circuit. *See* Case No. 06-11229, Rec. Doc. 181; Case No. 06-11229, Rec. Doc. 185.

IT IS FURTHER ORDERED that the case shall be dismissed without prejudice as to the United States if Relators do not amend their complaint by September 10, 2013 to reveal the identity of all three of the plaintiffs.

IT IS FURTHER ORDERED that the Motion to Dismiss for Lack of Jurisdiction by Fluor is DENIED. Case No. 06-11229, Rec. Doc. 76.

IT IS FURTHER ORDERED that the Motion to Dismiss for Lack of Jurisdiction by CH2M is DENIED. Case No. 06-11229, Rec. Doc. 61.

New Orleans, Louisiana, this 3rd day of September, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**