UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. ex rel. TERRY D. MCLAIN and J. LEN HODGES | Civil Action No. 06-11229 c/w 09-4191<br>*Pertains to 09-4191* |
| v. | |
| FLUOR ENTERPRISES, INC., SHAW ENVIRONMENTAL, INC., and CH2M HILL CONSTRUCTORS, INC. | SECTION "C" (3) |

## ORDER AND REASONS

This matter comes to the Court on the motions to dismiss of defendants Fluor Enterprises, Inc. ("Fluor") and CH2M Hill Constructors, Inc. ("CH2M") against relators Thomas Warder, Gary Keyser, and Elizabeth Reeves (collectively, "the Warder relators" or "the Warders") for failure to state a claim upon which relief can be granted. Rec. Docs. 216 and 220. The Warder relators oppose. Rec. Doc. 238. For the reasons that follow, the motions will be GRANTED IN PART and DENIED IN PART.

I. Background

A lengthy description of the facts and procedural history is not needed to resolve this motion. This matter arises out of the installation of temporary housing units (THUs) or trailers in the aftermath of Hurricanes Katrina and Rita. The Fourth Amended Complaint alleges that the defendants were construction and engineering firms who held contracts with FEMA to install, maintain, deactivate, and remove THUs. Rec. Doc. 211, ¶¶ 7-9.

The Warder relators initiated their action in June 26, 2009, stating three claims or counts against the defendants. Count I alleges that Fluor and Shaw Environmental, Inc. ("Shaw") issued their own work orders under their FEMA contracts and, as a result, were able to bill FEMA for the same work multiple times, without FEMA's knowledge. *See* Rec. Doc. 211, ¶¶ 21-44, 61-62.

1

Count II alleges that all defendants billed FEMA for THU installations that did not comply with state and local regulations governing handling and installation of liquified petroleum (LP) tanks.[1] *See id.* ¶¶ 45-56, 63-65. Count III alleges that Fluor billed FEMA for hauling trailers, which served no purpose and fell outside the scope of its contract, and trailer installation that was never performed. *See id.* ¶¶ 57-60, 66-67.

Relators have pleaded each count under alternative liability provisions in the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.* Count I alleges that Fluor and Shaw violated the FCA by filing false claims under § 3729(a)(1) of the pre-2009 version of the Act, and by making false certifications to have those false claims paid under § 3729(a)(2) of the same version. Count II alleges that all defendants violated the FCA by filing false claims, making false certifications to have those false claims paid, withholding overpayments owed to the government under § 3729(a)(4) of the pre-2009 version of the Act, and avoiding or decreasing an obligation to pay the government under § 3729(a)(1)(G) of the 2009 amendments. Count III alleges that Fluor violated the FCA by filing false claims and making false certifications to have those false claims paid.

Fluor and CH2M filed the instant motion to dismiss Count II. They argue that the false claims theory should be dismissed because, even assuming that they did not comply with codes and regulations at issue, noncompliance did not constitute a breach of the contract with FEMA. They argue that the false certification theory should be dismissed because relators fail to allege that certification of compliance with identified codes and regulations was a precondition of payment. They argue that the overpayment withholding theory should be dismissed because it is

---

[1] The Court notes some confusing overlap between Counts I and II, with respect to allegations of noncompliance with state and local LP regulation.

based on conclusory allegations. Finally, they argue that decreasing of obligation or "reverse false claim" theory should be dismissed because the statute creating the cause of action did not take effect until after the alleged conduct underlying the cause of action.

II. Standard of Review

A motion to dismiss under Rule 12(b)(6) will be granted when a plaintiff fails to allege any set of fact that would entitle her to relief. *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). When reviewing a motion to dismiss, the Court construes allegations of the complaint liberally in favor of the plaintiff and accepts all well-pleaded allegations as true. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). To survive a motion to dismiss for failure to state a claim, a complaint must include more than labels and conclusions and a formulaic recitations of required elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959 (2007). Rather, the well-pleaded factual allegations, taken as true, must plausibly give rise to entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

III. Analysis

As an initial matter, relators argue that the motion should be denied under law of the case or collateral estoppel principles in light of the substantial overlap between this motion and a previous unsuccessful motion to dismiss Count II by Shaw in this case. Shaw moved to dismiss Count II of the Warder relator's second amended complaint, raising many of the same arguments. Rec. Docs. 69. The Court denied the motion, except with respect to the reverse false claim theory. Rec. Doc. 203 at 15. Fluor and CH2M raised identical arguments to the ones it has raised here in a partially successful motion to dismiss Count II of the McClain relator's

complaint, which also relates to the defendants' compliance with LP gas installation regulations. Rec. Docs. 89 & 189.

Notwithstanding overlap among the various motions, law of the case is inapplicable because that doctrine only applies once an issue has been determined by a higher court and is remanded back to this one. *Morrow v. Dillard*, 580 F.2d 1284, 1290 (5th Cir. 1978). The obedience this Court owes to its previous orders is qualitatively different than that which it owes to a higher court.

Similarly, collateral estoppel or res judicata cannot apply against a party that has not had a full and fair opportunity to litigate the issue sought to be estopped. *See, e.g, Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 338 (5th Cir. 1982) ("The right to a full and fair opportunity to litigate an issue is, of course, protected by the due process clause of the United States Constitution."). Fluor cannot be estopped from pursuing arguments against the Warder relators identical to those it raised against the McClain relators, because the claims rest on somewhat distinct factual allegations. *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 284 (5th Cir. 2006).

For these reasons, defendants are not barred from bringing this motion. Even so, common sense dictates that the Court adhere to its previous legal conclusions, unless they are shown to be erroneous. Therefore, the Court will consider each argument for dismissal in light of the record as a whole.

*A. Presentment of False Claims*

Relators allege that defendants violated the FCA by submitting invoices for installation that failed to comply with LP statutes and regulations, where such compliance was a condition of the contract between FEMA and the defendants and further material to the amount of

compensation owed defendants. Rec. Doc. 211, ¶ 63. The Court previously denied Shaw's motion to dismiss this portion of Count II because the Warder relators had alleged that Shaw had knowingly billed FEMA for inspections and tests required under LP regulations that it had not performed or had performed inadequately. Rec. Doc. 203 at 14. These basic observations also foreclose the merit of the instant motion to dismiss. However, the Court will address the defendants' specific arguments.

Fluor and CH2M argue that under their cost-reimbursement or "best efforts" contract with FEMA, they were entitled to be compensated for the cost of work performed, notwithstanding any failure to conform to contractual expectations. They point to 48 C.F.R. 52.246-5(d) which allows the Government to require the contractor to rectify nonconforming work or to reduce compensation for such work.

The nature of the contract between the parties could be grounds for dismissal in this case, only insofar as it negated the possibility that defendants claimed greater compensation than they were entitled pursuant to the contract. Under a pure cost-reimbursement contract, a contractor's entitlement to compensation for costs incurred is not defeated by the failure to deliver conforming goods or services, unless the contractor fails to apply his "best efforts." *See McDonnell Douglas Corp. v. United States*, 37 Fed. Cl. 295, 299 *modified*, 39 Fed. Cl. 665 (Fed. Cl. 1997). Based on this principle, defendants argue that to successfully plead a FCA violation in the context of a cost-reimbursement contract, relators must specifically allege the failure to apply best efforts or the fabrication of costs claimed.

However, the pleadings establish that Fluor's contract with FEMA was on a cost-plus-fixed-fee basis, rather than a pure cost-reimbursement basis. Rec. Doc. 34-2 at 6, 140. Even if the costs billed were honestly incurred, entitlement to the fee is still undermined by failure to

render services as promised. Even where the "best efforts" standard applies, authorities have held that a contractor's best efforts only preclude a finding of default; they do not preclude reduction of the contractor's owed compensation. *Cf. Northrop Grumman Corp. v. United States*, 41 Fed. Cl. 645, 652 (Fed. Cl. 1998) (Best efforts language in a contract "does not address a dispute that involves the propriety of a fee reduction based on the deletion or relaxation of contract specifications."). The fact that this contract allowed the government to inspect installations, and reduce costs and fees claimed for nonconformity flies in the face of the argument that the government retained no contractual expectation or interest in the manner in which the installations were performed. *See* Rec. Doc. 34-2, p. 10 (incorporating FAR 48 C.F.R. §§ 52.246-4(e), 52.246-5(d)).

      Defendants also argue that the Supremacy Clause preempts or makes irrelevant the LPGC regulations that they are alleged to have ignored. The terms of the contract and federal law governing its interpretation would only supersede these state regulations, if there were a conflict between them. In the instant case, the contract is alleged to incorporate, rather than conflict with, the pertinent state and local regulations. The cases that the movers rely upon are easily distinguishable from this case. Those cases involve an attempt <u>by the state</u> to subject the contractor to state licensing or qualification, where the federal government has already deemed the contractor sufficiently licensed or qualified. *See, e.g., Leslie Miller, Inc. v. Arkansas*, 352 U.S. 187, 77 S. Ct. 257 (1956); *Gartrell Construction, Inc. v. Aubry*, 940 F.2d 437, 438 (9th Cir. 1991). On the other hand, relators in this case purport to be acting on behalf of the federal government itself, and if their cause of action has any merit, it will be <u>because</u> the government would not have deemed the contractor qualified or their work sufficiently conforming under state law to merit full compensation. There is no question that FEMA could have bargained for

6

defendants to perform installations in a manner that did not comply with state and local regulations. Relators allege that FEMA did the opposite in this case.

Finally, defendants argue that the Permits and Responsibilities Clause of the Performance Work Statement (PWS) or contract, which mandates that the contractor be responsible for compliance with permits and regulations, cannot be breached by a failure to adhere to regulations. While this might be true, that clause is not the only one relied upon by the Warder relators to show that regulatory compliance was a condition of the contract. They point to several other provisions of the PWS, the Statement of Work, and the Task Orders that occasioned the installations at issue, which require the contractor to comply with state and local regulations in the completion of an installation task. Rec. Doc. 211, ¶¶ 45-46. This adequately supports relators' allegation that compliance with LP regulations functioned as a condition of full compensation under FEMA's agreement with the movers.  The motion to dismiss will be denied in this respect.

*B. False Certification*

Relators allege that defendants violated the FCA by falsely certifying invoices for THU installations that did not comply with LP regulations. A cause of action for false certification under § 3729(a)(2) requires both a false claim under § 3729(a)(1) and a false statement, used to bring about payment. *See, e.g., U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 380 (5th Cir. 2003).

Defendants argue that relators fail to allege that certification of compliance with state and local LP statutes and regulations was a prerequisite of payment under their contract with the government. They also note that the Fifth Circuit has never openly embraced an implied

certification theory. Defendants note that this Court dismissed an identical theory of liability with respect to Count I of the complaint based on a similar argument by Shaw.

In its September 9, 2013 Order and Reasons, the Court ruled that noncompliance with state and local LP regulations could not be a basis for a false certification claim because relators were unable to allege with specificity that compliance was a precondition of payment under the agreement between Shaw and FEMA. Rec. Doc. 203 at 6-7. The Court issued this ruling with respect to Count I only. However, as noted above, Counts I and II both include allegations of false certification of compliance with LP regulations. To make matters more confusing, the Court also ruled that false certification compliance was a permissible theory in the McClain relators' complaint, when that issue arose on Fluor and CH2M's motions to dismiss. Rec. Doc. 189 at 14. The circumstances, therefore, call upon the Court to clarify its previous rulings and extrapolate from them appropriately.

Where, as here, relators only allege that defendants billed for nonconforming work, as opposed to work that was not completed at all, see Rec. Doc. 211 ¶ 63, they must plead that certification of compliance was a precondition of payment to maintain a false certification claim. *See, e.g.*, *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 902 (5th Cir. 1997) ("false certifications of compliance create liability under the FCA when certification is a prerequisite to obtaining a government benefit").

Although the Court denied defendants' motion to dismiss an analogous portion of the McClains' compliant, it was the Court's intention to dismiss <u>all claims</u> against Shaw in the Warders' complaint based on the theory that it falsely certified its compliance with LP regulations to have their claims paid, whether they were listed under Count I or Count II of the complaint. This is because relators have not adequately alleged that certification of compliance

was a precondition of the payment Shaw received. With respect to Shaw, relators relied on the "correct and proper for payment" language of the Form 1034 that the defendants submitted to FEMA. Rec. Doc. 211, ¶ 53.[2] However, relators point to no provision of the agreement or the Federal Acquisition Regulations (FAR) that ties payment authorization to a certification of holistic compliance with either the LP regulations or the contract itself. As stated above, the agreement authorized some degree of compensation for nonconforming work. The same analysis is applicable to the Warders allegations against Fluor and CH2M, even though they are alleged to have made more explicit certifications of their compliance with the contract on their invoices for payment. Rec. Doc. 211 ¶ 54.

Relators' argument that FEMA would not have compensated in full had it known the truth is unavailing to them for these purposes. The issue is not whether compliance was material to assessing defendants' performance under the contract. Under the allegations pleaded, it clearly was. Instead, the issue is whether the defendants had to provide any certification at all to bring about payment. Relators have not adequately alleged that they needed to do so. The lack of uniformity in the certifications identified bolsters the conclusion that these certifications were gratuitous in nature. Therefore, the Court will order that all false certification theories related to regulatory compliance be dismissed against all defendants.

*C. Failure to Return Overpayment*

Relators allege that Fluor and CH2M are liable under the § 3729(a)(1)(4) of the FCA for retaining the windfall it received as a result of performing substandard work. Rec. Doc. 211, ¶

---

[2]As the Court previously stated, it is questionable whether "proper for payment" can be considered false in context. *See United States v. President & Fellows of Harvard Coll.*, 323 F. Supp. 2d 151, 181 (D. Mass. 2004).

65. Fluor and CH2M argue that this is based on nothing more than conclusory allegations. The Court previously upheld this claim against the same argument in Shaw's motion to dismiss. Rec. Doc. 203 at 15. The argument is no more persuasive now.

Nevertheless, consultation of the statute reveals a more obvious flaw in this theory of liability. Section 3729(a)(4) only imposes liability where a person "delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt." "The certificate or receipt must indicate how much property defendant allegedly returned to the government." *U.S. ex rel. Aakhus v. Dyncorp, Inc.*, 136 F.3d 676, 681 (10th Cir. 1998). No receipt or certificate was ever issued for the amounts that the defendants retained in this case. Relators specifically allege that the government was prevented from issuing any such certificate or receipt by the defendants' schemes of fraud. Therefore, this theory of liability must be dismissed against all defendants.

### *D. Reverse False Claim*

Relators allege that defendants knowingly or improperly avoided or decreased their obligation to transmit the overpayment back to FEMA in violation of 31 U.S.C.§ 3729(a)(1)(G) (2009). Rec. Doc. 211, ¶ 65. However, as defendants argue, this provision of the 2009 FCA amendments cannot be applied retroactively to their conduct. *See U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 267 n.1 (5th Cir. 2010). The motion to dismiss will be granted as to this theory.

Accordingly,

IT IS ORDERED that the Fluor and CH2M's Motion to Dismiss Count 2 of the Warder Complaint is hereby GRANTED IN PART and DENIED IN PART. Rec. Docs. 216 & 220.

IT IS FURTHER ORDERED that any causes, claims, or counts based on the defendants' allegedly false certification of compliance with Louisiana or local statutes or regulations governing liquified petroleum handling or installation are hereby DISMISSED against all defendants WITHOUT PREJUDICE to the United States of America.

IT IS FURTHER ORDERED that the causes, claims, or subcounts contained in paragraph 65 of Count II of the Warders' Fourth Amended Complaint are hereby DISMISSED against all defendants WITHOUT PREJUDICE to the United States of America.

New Orleans, Louisiana, this 12th day of November, 2013

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**