UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. ex rel. TERRY D. MCLAIN and J. LEN HODGES | Civil Action No. 06-11229 c/w 09-4191<br>*Pertains to 09-4191* |
| v. | |
| FLUOR ENTERPRISES, INC., SHAW ENVIRONMENTAL, INC., and CH2M HILL CONSTRUCTORS, INC. | SECTION "C" (3) |

### ORDER AND REASONS

Before the Court are motions to dismiss by defendants Shaw Environmental, Inc. ("Shaw") and CH2M Hill Constructors, Inc. ("CH2M") against relators Thomas Warder, Gary Keyser, and Elizabeth Reeves (collectively, "the Warder relators" or "the Warders") for failure to state a claim upon which relief can be granted. Rec. Docs. 217 & 220. The motions argue that Count II of the Fourth Amended Complaint should be dismissed because no "falsity" cognizable under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, has been properly alleged. The Warder relators oppose. Rec. Doc. 237. For the reasons that follow, the motions will be DENIED.

I. Background

The Court hereby adopts the facts, procedural history, and standard of review set forth in its November 12, 2013 Order and Reasons granting in part and denying in part Fluor Enterprises, Inc. and CH2M's motions to dismiss. Rec. Doc. 255. The Court notes, by way of addendum, that its November 12 Order and Reasons dismissed all of Count II of the Warder relators' Fourth Amended Complaint against all defendants, except for the allegation that all defendants had billed FEMA for trailer installations that were not performed according to liquified petroleum (LP) statutes and regulations. *Id.* The Court found this claim actionable under § 3729(a)(1) of the FCA as it existed at the time of the misconduct alleged. *Id.*

III. Analysis

Before the enactment of 2009 amendments, 31 U.S.C. § 3729(a)(1) established liability for any person who "knowingly presents or cause to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States[,] a false or fraudulent claim for payment or approval." In *United States v. Southland Management Corporation*, the Fifth Circuit, sitting *en banc*, explained the meaning of "false claim" under the Act:

> The statute defines a "claim" as "any request or demand, whether under a contract or otherwise, for money or property" which is made to someone—including the government itself—who will at least in part use government money or property to pay it. Stated differently, it is a "request or demand" made in connection with a "contract or otherwise," the "contract or otherwise" allegedly warranting the making of the claim. Thus, whether a claim is valid depends on the contract, regulation, or statute that supposedly warrants it. It is only those claims for money or property to which a defendant is not entitled that are "false" for purposes of the False Claims Act. *See Costner v. URS Consultants, Inc.,* 153 F.3d 667, 677 (8th Cir. 1998) ("[O]nly those actions by the claimant ... [calculated to] caus[e] the United States to pay out money it is not obligated to pay ... are properly considered 'claims' within the meaning of the FCA."); *United States ex rel. Wilkins v. N. Am. Constr. Corp.,* 173 F. Supp. 2d 601, 626 (S.D. Tex. 2001) (collecting authorities for the proposition that a "false claim" is a claim for more than one is due).

326 F.3d 669, 674-75 (5th Cir. 2003) (en banc) (footnote omitted). Throughout its opinion, the *Southland* Court emphasized that the focal point of liability under the FCA is entitlement to the payment claimed according to the contract, regulation, statute under which payment was claimed. *See, e.g.*, *id.* at 677 ("We hold that under the HAP Contract and on this record the Owners were entitled to receive the housing assistance payments that they sought during the corrective action period at issue. Their claims therefore cannot be false under the False Claims Act as a matter of law.").

Shaw and CH2M argue that the remainder of Count II should be dismissed against them because, taking relators' allegations as true, they have submitted no factually false claim to the government for payment. The crux of this argument is that, although the complaint alleges failure to comply with LP gas inspection and testing laws, and submission of invoices for trailer installations, it fails to allege that defendants actually submitted invoices for compliance-related fees or expenditures. *See* Rec. Doc. 217-1 at 7 ("Simply put, none of these allegations assert that Shaw billed the government for LP gas inspection and testing work that Shaw allegedly did not perform."). In other words, according to defendants, the failure of the complaint to allege that defendants billed the government for the inspection and testing as separate line items is fatal to any FCA claim based on their failure to perform inspection and testing in accordance with the statutes and regulations.

This argument misunderstands definition of "false claim" under the FCA. As the *Southland* opinion makes unequivocally clear, whether a claim for payment is "false" or not "depends on the contract . . . that supposedly warrant[ed] it." *Southland Mgmt Corp.*, 326 F.3d at 674. Relators need not allege that defendants billed the government directly and expressly for inspection and testing that complied with LP statutes and regulations, as long as such inspection and testing was expected to accompany the installations for which defendants did bill and, further, was material to the amount of compensation owed under the contract. It is well established that billing for goods and services under a contract that do not conform to contractual specifications can be actionable under the FCA. *See, e.g.*, *United States v. Aerodex*, 469 F.2d 1003, 1008 (5th Cir. 1972) ("We think that deliberate mislabeling in the case at bar, coupled with the fact that the parts delivered did not actually meet the specifications of the contract, compels a finding of liability under the Act.").

Relators have adequately pleaded: (1) that government awarded defendants contracts to haul and/or install trailers in the aftermath of Hurricanes Katrina and Rita; Rec. Doc. 211 ¶¶ 12-20; (2) that compliance with state and local statutes and regulations was a condition of performance under the contract; *id.* ¶ 45; and that defendants invoiced the government for trailer installations that were not performed in accordance with state and local statutes and regulations; *id.* ¶ 45. They have also adequately pleaded that nonconformity with the terms of the contract in this respect would have reduced the defendants entitlement to compensation. Although the complaint does not state this expressly, this inference is warranted based on the allegation repeated throughout the complaint that the government would not have fully compensated, *id.* ¶¶ 55, 63, and that the contract incorporated a provision that allows the government to reduce compensation for nonconforming work. *See* Second Amended Complaint, No. 09-4191, Rec. Doc. 34-2 at 10 (incorporating FAR 48 C.F.R. §§ 52.246-4(e), 52.246-5(d)). These allegations and inferences are sufficient to sustain relators' burden at the pleading stage.

Accordingly,

IT IS ORDERED that the Shaw and CH2M's Motions to Dismiss Count 2 of the Warder's Fourth Amended Complaint are hereby DENIED. Rec. Docs. 217 & 220.

New Orleans, Louisiana, this 12th day of November, 2013

                                                             **HELEN G. BERRIGAN**
                                                         **UNITED STATES DISTRICT JUDGE**