UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. ex rel. TERRY D. MCLAIN and J. LEN HODGES | Civil Action No. 06-11229 c/w 09-4191<br>*Pertains to:* Nos. 06-11229 and 09-4191 |
| v. | |
| FLUOR ENTERPRISES, INC., SHAW ENVIRONMENTAL, INC., and CH2M HILL CONSTRUCTORS, INC. | SECTION "C" (3) |

**ORDER AND REASONS**

This matter comes to Court on the motion by Terry McLain and J. Len Hodges ("the McLain Relators") to de-consolidate, sever, or bifurcate their case from that of Thomas Warder, Gary Keyser, or Elizabeth Reeves ("the Warder Relators"). Rec. Doc. 240. Also presently under submission are motions to dismiss Count II of Warder's complaint for failure to state a claim filed by all three defendants in these cases. Rec. Docs. 259, 263, & 264. Finally, before the Court are memoranda from all parties addressing whether the Court has subject matter jurisdiction over Count II of the Warder Relators' complaint. Rec. Doc. 276, 277, 278, 280, & 281.

Having considered the law, the record, and the memoranda of counsel, the Court hereby DISMISSES Count II of the Warder's complaint for lack of subject matter jurisdiction under the "first to file" rule. Defendants' motions to dismiss Count II for failure to state a claim are MOOT. The McLain's motion to de-consolidate, sever, or bifurcate their case is GRANTED.

**I. Background**

These matters arise out of defendants' allegedly substandard performance of contracts with the Federal Emergency Management Agency (FEMA) to haul, install, maintain, and deactivate temporary housing units following Hurricanes Katrina and Rita. The McLain Relators filed their complaint against all defendants under the False Claims Act (FCA), 31 U.S.C. §

3729, *et seq.* in December 2006, Rec. Doc. 1, followed by the Warder Relators in June 2009, No. 09-4191, Rec. Doc. 1. The McLain Relators allege that defendants employed subcontractors to install liquified petroleum (LP) systems in the trailers that lacked state-mandated training, licensing, permits, and/or certification to perform the installations. Rec. Doc. 1 ¶¶ 49-98. In Count II of their complaint, the Warders allege that defendants failed to procure inspection or leak testing of LP systems installed in their trailers. Rec. Doc. 258 ¶¶ 45-46.

In February 2013, defendants moved independently to dismiss Count II of the Warder Relators' complaint for lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(b)(5) - the FCA's "first-to-file" rule. Rec. Docs. 61, 69, & 76. Following denial of the motions to dismiss on these and other grounds, Rec. Docs. 203 & 204, the McLain Relators moved to de-consolidate, bi-furcate, or sever their complaint from that of the Warders. Rec. Doc. 240. After considering the memoranda in support of and opposition to that motion, the Court decided to reconsider subject matter jurisdiction for the Warders' Count II under the FCA's first to file rule. Rec. Doc. 271. Such reconsideration was prompted by the Warders' admission in opposition to de-consolidation, severance, and bifurcation that success on the merits by the McLains could prevent them from recovering on Count II. *Id.* Therefore, and because the factual overlap between the Warders' Count II and the McLains' complaint had been one basis for the continued consolidation of these matters, the Court ordered additional briefing on whether this Court has subject matter jurisdiction over Warder's Count II. *Id.*

**III. Standard of Review**

"Federal courts are courts of limited [subject matter] jurisdiction, and absent jurisdiction conferred by statute, [they] lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings. *Menchaca v. Chrysler*

*Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure s 3522 (1975)). A federal court must raise lack of subject matter jurisdiction on its own motion whenever that issue presents itself and dismiss any suit, cause, or claim over which it lacks jurisdiction after issuing proper notice and granting the affected party an opportunity to be heard. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)); *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) *cert. dismissed*, 133 S. Ct. 96, 183 L. Ed. 2d 735 (U.S. 2012). The burden of proof to establish a valid basis of subject matter jurisdiction lies with the party asserting it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Consolidation of matters is appropriate when "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Under Rule 42(b), a court may order separate trials of separate issues, claims, crossclaims, or counterclaims "[f]or convenience, to avoid prejudice, or to expedite and economize." Finally, pursuant to Rule 21, a district court has broad discretion to sever issues tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

**IV. Analysis**

Section 3730(b)(5) of the False Claims Act (FCA) provides that "when a person brings an action under this section, no person other than the government may intervene or bring a related action based on the facts underlying the petition." The rationale behind this restriction is Congress's desire to decrease the incentive for parasitic, opportunistic litigation, thereby saving valuable judicial resources and safeguarding the reward for truly valuable information. *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009). The test

3

for applying this "first-to-file" rule announced by the Fifth Circuit asks "[w]hether the later filed action alleges the same material or essential elements of fraud described in the pending action." *Id.* at 377. If so, then "§ 3730(b)(5)'s jurisdictional bar applies." *Id.* at 378. As the primary purpose of the FCA is to help "reduce fraud and return funds to the federal government," a complaint that "merely adds detail to a previously exposed fraud" will not survive dismissal under this standard. *Id.* (quoting *United States ex rel. Lacorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998)).

The Fifth Circuit explored this standard in *Branch Consultants*. There, several insurances companies were alleged to have engaged in a fraud scheme whereby they falsely classified wind-related damages due to Hurricane Katrina as flood-related damages in order to maximize the federal government's liability and minimize their own. *Id.* at 374-75. The first-filed complaint had alleged the existence of this scheme generally and that it was used for two properties in Mississippi. *Id.* The Fifth Circuit held that the first-to-file rule barred a later claim that merely expanded on the locations where one of the defendants named in the first-filed complaint had used this scheme. *Id.* at 378. By contrast, the court found that the second-filed complaint was not barred insofar as it identified additional insurers who participated in the wind/flood reclassification scheme. *Id.* at 379-380. The reasoning behind this conclusion was that the first-filed complaint had not alleged an "industry-wide" scheme of fraud or one plausibly extending to insurers other than those specifically identified in its complaint. *Id.* at 380.

As these examples illustrate, the "essential" or "material" elements of a fraud or fraud scheme are only those required to show an entitlement to relief, *see United States ex rel. Chovanec v. Apria Healthcare Group, Inc.*, 606 F.3d 361, 363 (7th Cir. 2010), while providing meaningful notice to the government: the general circumstances in which false claims were

presented instead of the exact time and place of every false claim, the general sense in which claims were false as opposed to the exact content of each false claim, and, perhaps, where appropriate, the general class of persons making false claims in lieu of the identity of every individual. In practice, these elements resemble those required under Rule 9(b), taken to a sufficiently high level of generality to meet the ends of the FCA. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (in the FCA context, Rule 9(b) requires pleading "the time, place and contents of the false representation[ ], as well as the identity of the person making the misrepresentation."); *Branch Consultants*, 560 F.3d at 377 (noting that "a 'broader bar' furthers the purpose of the FCA's *qui tam* provision by ensuring 'a race to the courthouse among eligible relators' ").

Having clarified the appropriate standard for applying the first-to-file rule, the Court finds that Count II of the Warders' complaint is clearly barred. In ruling on this issue in the past, the Court embraced a narrow, and apparently false, distinction between the allegations of the two complaints; whereas the McLain Relators originally alleged that all three defendants employed subcontractors to install liquified petroleum (LP) systems that lacked state-mandated training, licensing, permits, and/or certification to perform the inspection and testing required for proper installations, No. 06-11229, Rec. Doc. 1, ¶¶ 49-98, the Warders had alleged that defendants initially failed to procure any inspection or leak testing whatsoever, No. 09-4191, Rec. Doc. 34, ¶ 48.  However, as the McLains note in their supplemental memoranda, this is too narrow a reading of their First Amended Complaint. Although the complaint most frequently refers to lack of training and licensing, the McLains clearly urge broader non-compliance with LP safety regulations, including specifically the failure to properly perform required safety testing. *See, e.g.*, Rec. Doc. 53, ¶¶ 21, 77-80. This fact, along with the Warders' admission that they are

claiming under the same contracts and for the same trailer installations as the McLains, means that there is one-to-one overlap on both essential and non-essential elements of these two claims. Without question, the first-to-file rule forbids this degree of similarity. Therefore, the Court will dismiss Count II of the Warders complaint.[1]

Having established that Count II should be dismissed, the Court sees little benefit to the continued consolidation of these matters. Dismissal of Count II releases CH2M Hill from the Warders' only claim against it. Apart from Count II, the Warders currently maintain two claims for relief against Fluor and Shaw. Under Count I, they claim that Fluor and Shaw fraudulently claimed payments for trailer haul, install, maintenance, and deactivation work orders that were improperly self-issued and concerned the same work performed multiple times. Rec. Doc. 258, ¶ 37. According to the other remaining count, Fluor billed FEMA for hauling trailers that were never ultimately installed, in breach of contract. *Id.*, ¶¶ 53-55.

Although there may be some residual overlap between these claims and the McLains' complaint, it does not appear sufficiently large at this time to justify the headache of trying to manage these cases simultaneously to an adjudication on the merits. The motions practice up to present will stand as a testament to the logistical difficulties inherent in consolidation.

Accordingly,

IT IS ORDERED that Count II of the Warder Relator's Fifth Amended Complaint is DISMISSED WITHOUT PREJUDICE to refiling in any court of competent jurisdiction.

---

[1] This result is consistent with that reached by Judge Milazzo in *U.S. ex rel. Williams v. C. Martin Co. Inc.*, No. 07-6592, 2013 WL 4519324 (E.D. La. Aug. 23, 2013).

IT IS FURTHER ORDERED that the McLain Relators' Motion to De-Consolidate, Sever, or Bifurcate is hereby GRANTED. Rec. Doc. 240. The Court's order consolidating these matters is hereby VACATED. Rec. Doc. 60.

IT IS FURTHER ORDERED that all defendants' motions to dismiss Count II of Warder's complaint for failure to state a claim are MOOT. Rec. Docs. 259, 263, & 264.

New Orleans, Louisiana, this 6th day of May, 2014

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**