```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


   UNITED STATES OF AMERICA              CIVIL ACTION
   ex rel. TERRY D. MCLAIN
   ET AL.

   VERSUS                                NO: 06-11229

   FLUOR ENTERPRISES, INC.,              SECTION: "J"(3)
   ET AL.
```

### ORDER & REASONS

Before the Court is a *Motion for Voluntary Dismissal of Pending Claims* **(Rec. Doc. 476)** filed by Plaintiff-Relators, Terry D. McLain and J. Len Hodges ("Relators"); an opposition thereto (Rec. Doc. 489) filed by Defendant Fluor Enterprises Inc. ("Fluor"); and an opposition thereto (Rec. Doc. 490) filed by Defendant Shaw Environmental, Inc. ("Shaw"). Before the Court are also Shaw's *Motion to Dismiss Count 4 of Second Amended Complaint* **(Rec. Doc. 474)**, Shaw's *Motion to Strike Relators' Untimely Opposition* **(Rec. Doc. 480)**, Fluor's *Motion for Summary Judgment Seeking Dismissal of Counts 1 and 2* **(Rec. Doc. 488)**, and Shaw's *Motion for Summary Judgment* **(Rec. Doc. 492)**. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Relators' Motion for Voluntary Dismissal of Pending Claims should be **GRANTED** and all other motions **DENIED as moot**.

## FACTS AND PROCEDURAL BACKGROUND

As detailed more fully in a prior Order and Reasons, this *qui tam* case concerns the Defendants' alleged failure to comply with Louisiana liquefied petroleum ("LP") safety statutes during the installation of temporary housing units ("THUs") in the aftermath of Hurricanes Katrina and Rita. (Rec. Doc. 466, at 2.) During this time, Fluor, Shaw, and CH2M Hill Constructors, Inc. ("CH2M Hill"), engaged subcontractors to install LP gas systems in THUs used to house people displaced by Katrina and Rita. *Id.* The Relators allege that Defendants violated the False Claims Act by claiming reimbursement from the Federal Emergency Management Agency ("FEMA") for THU installations that did not comply with Louisiana LP gas laws. *Id.*

The current pending complaint is the Second Amended Complaint ("SAC"). (Rec. Doc. 370.) The SAC alleges two categories of claims: "nullity" claims and "false statement" claims. (*See* Rec. Doc. 466, at 3.) In their "nullity" claims, Relators allege that the underlying subcontracts were absolutely null as a matter of Louisiana law because the Defendants failed to obligate their subcontractors to comply with the Louisiana LP gas laws, and therefore Defendants' claims for reimbursement made pursuant to their subcontracts were false. In their "false statement" claims, Relators allege that the Defendants misrepresented to FEMA that their subcontractors and staff had the proper training and

2

licensing needed to perform LP gas installations or were in the process of receiving these qualifications.

The Court dismissed Relators' nullity claims against all Defendants, finding that provisions of the subcontracts obligated the subcontractors to comply with the state LP gas laws and the subcontracts' failure to specifically name the required LP gas installation permits did not nullify the subcontracts. *See id.* at 27. The Court also dismissed Relators' false-statement claims against CH2M Hill, finding no issue of material fact regarding whether CH2M Hill acted with specific intent of defrauding FEMA. *Id.* at 26. However, the Court denied Fluor's and Shaw's motions seeking dismissal of the false-statement claims against them, because there remained issues of material fact as to whether Fluor and Shaw knowingly misled FEMA in violation of the FCA. *Id.* at 14, 18. Thus, only the false-statement claims against Fluor and Shaw remain pending in this litigation.

The Relators wish to appeal the Court's ruling that their allegations of subcontract nullity have no merit. In order to accommodate that purpose, Relators filed the instant *Motion for Voluntary Dismissal of Pending Claims* **(Rec. Doc. 476)**, seeking to dispose of all remaining claims as to all parties, sufficient to allow the entry of a final judgment and an appeal therefrom. Relators submit that the voluntary dismissal of the pending false-

statement claims may be with prejudice to them, but without prejudice to the United States.[1]

Defendants opposed Relators' motion. Defendants do not oppose dismissal of the remaining claims with prejudice, but they pray that the Court also rule on their pending motions to dismiss (Rec. Doc. 474) and for summary judgment (Rec. Docs. 488, 492). In their motions, Defendants seek dismissal of all claims on the grounds that the Louisiana LP gas laws were inapplicable to the installation of THUs at issue. According to Defendants, all of Relators' claims are premised on the assumption that the Louisiana LP gas laws were applicable to them. Because the Court dismissed the nullity claims without deciding whether the Louisiana LP gas laws applied, Defendants argue that the Court should rule on their motions and decide this issue before entering a final judgment. Defendants assert that the record will be complete for appeal and a final judgment should issue after their pending motions are decided.

## DISCUSSION

Under circuit precedent, a district court should freely grant a motion for voluntary dismissal unless it finds the nonmoving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc.*,

---

[1] After investigating the Relators' allegations for over six years, the United States declined intervention on December 27, 2012. (Rec. Doc. 51.) The United States consents to Relators' Motion for Voluntary Dismissal of Pending Claims.

511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Legal prejudice has been defined as 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Espinoza v. Nacher Corp.*, No. 07-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). For example, courts have found legal prejudice to exist where dismissal might result in a defendant's loss of a potentially valuable defense. *Hyde*, 511 F.3d at 509; *United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 318). Likewise, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute legal prejudice. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

In deciding whether to grant dismissal, a district court takes a number of factors into consideration though "there is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford v. Williams Cos.*, 154 F. Supp. 2d 942, 951 (E.D. Tex. 2001). These factors, among other considerations, typically include (1) when in the course of litigation the plaintiff files the motion, *see id.*; (2) whether the suit is still in pretrial stages, *see Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275-76 (5th Cir. 1990); (3) whether the parties have filed numerous pleadings and memoranda; (4) whether the parties have

5

attended conferences; (5) whether there are prior court determinations adverse to the plaintiff's position, *see Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); (6) whether hearings have been held; (7) whether any defendants have been dismissed on summary judgment; and (8) whether the parties have undertaken significant discovery, *see Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

In fact, there are only a limited number of circumstances that will warrant denial of a Rule 41(a)(2) motion, because "the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Outright denial of a motion to dismiss may be appropriate when "the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant*, 122 F.R.D. at 203-04. However, a pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the court's analysis and does not, in and of itself, preclude dismissal. *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001); *Metro. Fed. Bank*

*of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Further, a motion for voluntary dismissal should be denied where "a plaintiff seeks to circumvent an expected adverse result." *See, e.g., Davis*, 936 F.2d at 199 (dismissal denied, in part, because of a comprehensive recommendation issued by the magistrate judge adverse to the plaintiff's position).

In sum, many courts have taken the position that dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party. A different view has been taken, however, when a plaintiff wishes to dismiss with prejudice. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). Where, as here, a plaintiff's Rule 41(a)(2) motion "specifically request[s] dismissal *with* prejudice, it has been held that the district court *must* grant that request." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 (3d ed. 2008) (emphasis added); *see also Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 851 (W.D. Mich. 2007) ("It generally is considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964))).

In the instant case, the Court concludes that Relators' Motion for Voluntary Dismissal of Pending Claims should be granted. The fact that Relators seek dismissal with prejudice to them significantly reduces any injustice to Defendants. *See Schwarz*,

7

767 F.2d at 129 ("[N]o matter when a dismissal with prejudice is granted, it does not harm the defendant."). Indeed, Defendants cite no case in which a court has refused to grant a dismissal with prejudice at the plaintiff's request. Moreover, Defendants have failed to demonstrate that they will suffer legal prejudice as a result of the dismissal. Considering the fact that Relators' motion seeks dismissal with prejudice, and the proscription that a Rule 41(a)(2) motion will be granted unless the defendant will suffer some plain legal prejudice, the Court finds the Motion for Voluntary Dismissal of Pending Claims to have merit. In light of the Court's grant of Relators' motion to dismiss with prejudice, Defendants' motions will be denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Relators' *Motion for Voluntary Dismissal of Pending Claims* **(Rec. Doc. 476)** is **GRANTED**. Relators' remaining claims are **DISMISSED with prejudice** to Relators, but without prejudice to the United States.

**IT IS FURTHER ORDERED** that Shaw's *Motion to Dismiss Count 4 of Second Amended Complaint* **(Rec. Doc. 474)** is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Shaw's *Motion to Strike Relators' Untimely Opposition* **(Rec. Doc. 480)** is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Fluor's *Motion for Summary Judgment Seeking Dismissal of Counts 1 and 2* **(Rec. Doc. 488)** is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Shaw's *Motion for Summary Judgment* **(Rec. Doc. 492) is DENIED as moot.**

New Orleans, Louisiana, this 15th day of March, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE